## WAGNER TYPEWRITER CO. v. ROBINSON.

### (Supreme Court, Appellate Term. June 22, 1903.)

1. REPLEVIN—OWNERSHIP—SUFFICIENCY OF EVIDENCE.

In replevin for a typewriter by a company dealing in such machines, it was insufficient for it to show by its records that it had received the machine in stock, and that it was never sold, leased, rented, or exchanged, and had not passed out of its hands in the regular course of business.

2. SAME—ALTERNATIVE JUDGMENT—EVIDENCE OF VALUE.

In replevin for a typewriter it was error to render judgment that the defendant recover the property, or, in event of nondelivery, the sum of $60, as its assessed value, where the only evidence of value was the price paid by the defendant for the machine.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Replevin by the Wagner Typewriter Company against Joseph Robinson, sued as John C. Robinson. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Charles Struss, for appellant.

Marks & Marks, for respondent.

MacLEAN, J. In replevin for a typewriter known by a certain number, the plaintiff, by two of its employés in charge of its steel department, and without contradiction, testified to the receipt of the machine from its Buffalo office on April 18th, and to its pres-

ence, not on their view, but according to figure appearing on the steel book, in the stockroom, on October 1st last and the 1st of January of this year; that all machines sold, leased, rented, or exchanged by the company passed through the stock department; that the machine in question was never sold, leased, rented, or exchanged; these employés did not do the leasing, selling, or exchanging; and that the machine never passed through their hands in the regular course of business. Inability to account for an article is not enough. Nor is there proof that it was stolen or wrongfully taken from their possession. The defendant exhibited some title to the chattel by him —testimony to its purchase in midsummer from a person, whom he named. Judgment was rendered that the defendant recover the property mentioned, or, in the event of nondelivery, the sum of $60, as the assessed value of the property. The award of $60 was error, there being no evidence of its value beyond the price paid by the defendant for the machine, and so the judgment must be modified by striking therefrom such sum in the alternative.

Judgment modified by striking out such sum in the alternative, and, as modified, affirmed, without costs. All concur.